(27 App. Div. 67.)

## LANNON v. LYNCH et al.

(Supreme Court, Appellate Division, First Department.   March 11, 1898.)

LIMITATION OF ACTIONS—CLAIM AGAINST ESTATE OF DECEDENT.

A claim against the estate of a decedent, based on notes which were barred by limitations, was not supported, in the absence of evidence that the money in question was held as a deposit, or of evidence removing such bar.

Appeal from judgment on report of referee.

Claim by Bridget Lannon against Franklin Lynch and another, as executors of the last will and testament of David Hall, deceased. From a judgment entered on the report of a referee in favor of plaintiff, defendants appeal.   Reversed.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, PATTERSON, and O'BRIEN, JJ.

Francis B. Chedsey, for appellants.

Robert P. Harlow, for respondent.

O'BRIEN, J.   The claim was based upon an alleged deposit with David Hall, deceased, of the sum of $300 on July 1, 1873, and of the further sum of $100 on October 4, 1873, to be kept by him, and returned when the claimant became advanced in years, and should demand the same. In support of the claim, two promissory notes, signed by David Hall and James Hall, his brother, were put in evidence,—one dated July 1, 1873, for $300, due 6 months after its date, and the other dated October 4, 1873, for $100, due 12 months after its date.   The only other evidence offered was that of the plaintiff's daughter, who testified that in 1896 she was present at a conversation between the plaintiff and the testator, in which her mother said to him:   "Dave, how about that $400 I gave you to keep for me until I would be old?" to which the testator replied, "What $400?"   She then asked, "Is it possible that you forget about my $400 that I worked so hard for, and gave to you to keep for me?" to which he replied, "I remember no $400."   The daughter states that her mother then left the room, went upstairs, and returned with the notes, and opened the conversation as follows:   "Now, Dave, surely you remember your own signature.   Don't you remember about being so mad about my not giving you all the money when I gave your brother Jimmie $200, and how angry you were because I did not give it all to you?" to which he replied, "Oh, crackie, yes."   The plaintiff's daughter further testifies:   "He took the notes, and after he got through he handed them back to my mother, and she says, 'Now Dave, I am glad you remember that, because I knew that money would come in useful when I was old, and I passed a remark, you were better than a bank.'" At the close of the evidence, a motion was made to dismiss upon the ground that the only proof was upon two promissory notes which were barred by the statute of limitations.   The referee decided that the promissory notes were intended to operate, not as evidence of a loan, but as mere receipts for the deposit of the money.   The respondent contends that the judgment should be upheld upon the ground that the evidence establishes a novation, and this is attempted to be supported upon the theory that the parties substituted some new contract for

the old one on the notes.    In this connection it is insisted that there is no evidence as to the time this transaction took place, and that it must be presumed to have been subsequent to the making of the notes.    As we read the evidence of the daughter, however, as to what the mother said at the interview in 1896, it was a recital by the mother of what took place at the time the money was given and the notes were received.    And this does not show that the money was received as a deposit, or otherwise than as indicated by the terms of the notes.    The testator's statement that he remembered can only be construed, at most, into an admission that he recalled the circumstances connected with the receipt of the money and the giving of the notes, for it will be noticed that with reference to what followed, when the mother said she was glad he remembered it, because the money would come in useful when she was old, the testator made no response.    It cannot be concluded, therefore, that the testator admitted that the money represented by the notes was then held in trust.

We have examined the other grounds upon which it is sought to sustain the judgment, and find them insufficient.    Our conclusion is that the original transaction between the parties was evidenced by the notes; that there is no sufficient evidence of a subsequent or new agreement that the money was held as a deposit; and that, as the notes were barred by the statute of limitations, and there was no evidence to take them out of the bar, the claim was not supported, and the motion to dismiss should have been granted.

The judgment accordingly should be reversed, and a new trial ordered, with costs to appellants to abide the event.    All concur.